IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

GODWIN M. EREMAH                    :

                                    :

   v.                               :   Civil Action No. DKC 15-0342

                                    :

AUTOZONE STORES, LLC, et al.        :

                                    :

**MEMORANDUM OPINION**

The parties have filed a Notice of Settlement and Stipulation of Dismissal with Prejudice. (ECF No. 19). Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement agreement will be approved.

**I.   Background**

Plaintiff's Amended Complaint asserts that he was employed by Defendants as a store manager from March 2009 to May 2011 and classified as an exempt employee, that he worked routinely more than forty (40) hours per week and at times more than seventy (70) hours per week, and that Defendants failed to pay him both minimum wage and overtime in violation of both federal and state law.[1]   Defendants answered, denying liability, and a scheduling

---

[1] Plaintiff had earlier opted in to a collective action pending in Arizona, but that action was decertified, and this case was filed. *Taylor v. Autozone, Inc*, 3:10-cv-08125-FJM.

order was entered on April 2, 2015, setting August 17, 2015 as the discovery deadline.  On July 9, 2015, the parties filed a stipulation of dismissal with prejudice.  Upon direction of the court, the pending Notice of Settlement supplemented the dismissal.  The $9,500 Settlement provides payments to Plaintiff of $6,500, and attorneys' fees and costs of $3,000, in return for releases.  Plaintiff has agreed to compromise his claims, and the parties agree that there are bona fide disputes between them regarding Plaintiff's entitlement.  Defendants do not admit liability, but agree to settle in order to avoid the further costs of litigation.  Counsel for Plaintiff has reduced the claim for fees by more than half.

## II.  Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

---

Media reports reflect that the long running and hotly contested case was settled.  A copy of the Arizona Employment Law Letter of March 2015 is attached.

2

Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides*

of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (*citing Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009) (collective action); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 09-cv-00058, 2010 WL 1813497, at *1 n.1 (W.D.Va. May 5, 2010) (applying the same factors to a settlement that involved only individual FLSA claims).

### A. *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Amaya v. Young & Chang, Inc.* Civil Case No. PWG-14-749, 2014 WL 3671569, at *2 (D.Md. July 22, 2014).

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. If an employer violates Section 207, he is liable for unpaid overtime and an equal amount of liquidated damages. 29 U.S.C. § 216. Although the parties provide little detail, they do state that liability is disputed, that Defendant has not admitted liability, and continues to maintain that Plaintiff was properly compensated for all work performed. The question of exempt status for managers usually presents a complex factual issue. Thus, the pleadings, along with the parties' representations in court filings, establish that a *bona fide*

dispute exists as to Defendant's liability under the law for minimum wage and overtime payments.

### B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Settlement Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

The parties agreed to settle at a relatively early stage of the proceedings, after an opportunity for discovery. Plaintiff recites that "given the time frame involved, the current availability of witnesses, and potential issues with documentation that the settlement is reasonable." (ECF No. 19, at 2). The parties have had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo*, 2009 WL 3094955, at *11.

Additionally, there is no evidence that the proposed Settlement Agreement is the product of fraud or collusion. The Settlement appears to be the product of negotiations between counsel. It is not possible to assess the relationship between

the amount of the settlement and Plaintiff's potential recovery, because the complaint did not seek any particular sum.  The amount is not de minimis, however.  On balance, and considering all of the circumstances, the settlement appears to be a reasonable resolution of a bona fide dispute.

## III. Conclusion

For the foregoing reasons, the Settlement and Stipulation of Dismissal will be approved.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge